Per curiam

Caveat- empfor. applies where a man purchases an article of personal property not in the vendor’s possession, fie ought i ”. such case to require a warranty ■ — the not being in possession gives reason to doubt.— Another case is, where the thing «old has some visible qu.ilhy which lessen■» its value. Where it has a quality less-ming its value, and that is not .discoverable by ordinary inspection, it is on erwese ; in such case tin re is no need of an exo-ess warranty — every man is hmmd to be honest — he ought to discover to the vendee all such pro- *536 pcj’ties as if known might probably dispose-him not to. purchase* If a man sell an unsound horse, whose disor-des- is not known,, and receives full value as for a -ound horse, an action lies against the vendor; and that action may be an-assumpsit stating the. sale, and that the vendor undertook that the horse was sound.
Note. — Upon the subject of warranty on the sale of chattels, see Bull. N. P. ( Brid. Ed. 30, a. to 32, b. Comyn’s on Con. 228 to 250. Cooper’s Justinian. 609. Thompson v. Tate, 1 Murph. 97. Lanier v. Auld's Adm’r. v. Ibid. Sheber v. Robinson & others, 2 Murph. 33. Gil. christ v Marrows 2 Car. Law Rep. 607. Erwin v. Maxwell 3 Murph. 241. Ayres v. Parks’ Adm'r. &c. 3 Hawks 59. Inge v. Bond & Slaughter, Ibid. 101. Brittain v. Israel & others, Ibid. 222. It will be seen, from some of the authorities referred lo, that the position »h:»t a full price for a horse implies a warramy of soundness,.although once supposed to be law, is now overruled, both in England and in this State-